IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DUSTIN J. MERRYFIELD,

                     Plaintiff,

              v.                          CASE NO. 07-3289-SAC

DON JORDAN, SECRETARY
OF KANSAS SRS, et al.,

                     Defendants.

O R D E R

On February 26, 2008, this court entered a Memorandum and Order
setting forth deficiencies found in plaintiff's complaint and
granting him time to file an "Amended Complaint" curing those
deficiencies.  Plaintiff has since filed an Amended Complaint (Doc.
9); two "Amended Motion(s) for Leave to Proceed in forma pauperis"
(Doc. 10 & 12) based on changed financial circumstances; and another
Motion to Appoint Counsel (Doc. 14).


**MOTIONS**

Plaintiff has previously been granted leave to proceed in forma
pauperis herein, and his amended motions for leave to proceed in
forma pauperis are unnecessary.  They shall be denied as moot.


**SCREENING**

In screening plaintiff's Amended Complaint (Doc. 9), the court
finds it contains the same deficiencies as his original complaint.
Again, plaintiff has filed a voluminous complaint (100 pages) with
a myriad of mainly conclusory claims and statements.  Plaintiff

again either fails to allege any set of facts describing specific incidents in which his asserted constitutional rights were violated, or the facts he does allege fail or are insufficient to state a federal constitutional violation. The court determines that plaintiff's claims must be dismissed for the reasons stated in its Memorandum and Order dated February 26, 2008, and herein; and this action must be dismissed because plaintiff in his Amended Complaint has failed to cure the deficiencies found in his original complaint, and has failed to state sufficient facts to support a federal constitutional claim. The court briefly comments on plaintiff's claims.

**DENIAL OF TREATMENT FOR SEXUAL PREDATOR DISORDER**

As Count I of his Amended Complaint, plaintiff again claims he is "denied treatment for the reasons he was civilly committed." In its prior Order, the court advised plaintiff that he had failed to allege sufficient facts in support of this claim to state a federal constitutional violation and provided him with the opportunity to file an Amended Complaint alleging additional facts. Instead, plaintiff makes the same conclusory allegations in support of this claim as were made in his original complaint. For the reasons stated in its Memorandum and Order of February 26, 2008, this court finds this claim should be dismissed on account of plaintiff's failure to state sufficient facts in support of a claim of federal constitutional violation.

The court further reiterates that plaintiff's claims of being denied treatment, coupled as they are with his complaints of being placed in a treatment unit for not participating in treatment

programs and for behavior deemed as necessitating more intensive treatment, signify his disagreement with the treatment programs that are being provided.  As plaintiff was previously informed, he is not entitled to different treatment based upon his simple disagreement with that provided.  He has alleged no additional facts showing deliberate indifference to his treatment needs by any named defendant.

Plaintiff's other speculative and conclusory allegations, such as that he will stop receiving treatment when the program runs out of funds and is denied progress based on limited bed space available at the next level, are insufficient to state a claim.

**ITU IS UNCONSTITUTIONAL**

Plaintiff makes many of the same conclusory allegations in support of this claim as in his original complaint, and adds no additional crucial facts.  For example, while plaintiff repeats his complaint that placement in ITU may be indefinite, he again fails to provide the dates and duration of his own confinement in that unit[1]. The court finds this claim must be dismissed for reasons stated in its Memorandum and Order dated February 26, 2008.

**ACCESS TO THE COURTS**

The court finds this claim must be dismissed for reasons stated in its prior Memorandum and Order.  While plaintiff makes a few more specific allegations as to what he views as inadequacies in the law

---

[1]   Plaintiff alleges no additional facts showing that his reclassification or placement in the ITU imposed an "atypical or significant" hardship on him compared to the ordinary incidents of his confinement as a Sexually Violent Predator in Kansas.

library, he still fails to allege any facts indicating "actual injury."

## ADMINISTRATIVE GRIEVANCES

Plaintiff alleges no additional facts showing a federal constitutional violation with regard to the grievance process available within the SPTP program.  Accordingly, the court finds this claim must be dismissed for reasons stated in its prior Memorandum and Order.

## DISCIPLINARY DUE PROCESS

Plaintiff's main basis for this claim in his Amended Complaint is that he is not provided all the due process rights "during a disciplinary hearing" that he believes are provided to a "KDOC inmate."  He alleges residents of the SPTP are only provided the right to advance written notice and "to testify on his/her behalf." He claims this violates his right to equal protection[2] as well as due process.  However, plaintiff again fails to state a factual basis for this claim by describing any particular disciplinary action taken against him and the elements of due process which were denied therein.

The court notes that plaintiff appears to assume that behavior treatment or classification decisions, which result in varying degrees of security and available privileges, are disciplinary

_____

[2]     As the court held in its prior Memorandum and Order, plaintiff is not "similarly situated" with KDOC inmates.  He thus cannot show this element of an equal protection claim, particularly given that classification decisions and the resulting changes in privileges are expressly part of plaintiff's treatment program as a sexually violent predator.

"punishment" necessitating due process protections including notice and a hearing.  The court is not convinced by plaintiff's conclusory arguments and assumptions that due process protections beyond the notice afforded in the treatment handbooks are constitutionally required for decisions affecting mainly his property possession and other privileges[3].

Plaintiff also generally complains that the rule book given to residents does not provide adequate notice as to what constitutes other-than-severe violations and the punishment for each violation. In addition, he claims he can be punished at anytime at the "whim" of a staff directive, and that he has seen instances of arbitrary punishment.  Plaintiff has been clearly and repeatedly informed that in order to state a claim he must describe an incident in which he believes his own constitutional rights were violated including dates and the personal acts of the defendant(s) causing the violation(s). He provides no personal factual account in support of this claim. The court concludes that plaintiff has not alleged sufficient additional facts to support a federal constitutional claim in connection with disciplinary action taken against him.

## DENIAL OF MEDICAL AND DENTAL CARE

In his Amended Complaint, Mr. Merryfield again complains that medical care is not "adequate or efficient."  His allegations in support still do not include facts pointed out as lacking in his

---

[3]     "A resident's status and privileges in the SPTP are expressly conditioned on the resident's compliance with the rules and the policies of the SPTP."  Williams v. DesLauriers, 38 Kan.App.2d 629, 638, 172 P.3d 42 (Kan.App. 2007).  As a result, the actions by the SPTP staff in reducing a resident's treatment phase level do not infringe on the resident's constitutional rights. Id.

original complaint, such as the dates on which he sought and was denied treatment, together with the name(s) of the person(s) denying his requests[4].   Instead, plaintiff cites figures which he believes indicate the number of medical and dental staff required and makes more conclusory statements.   The court finds this claim must be dismissed for failure to state facts in support of a federal constitutional claim of denial of medical or dental care.

**USE OF RESTRAINTS**

Plaintiff alleges no additional significant facts in support of his claim that his constitutional rights were violated by the use of restraints in transporting him to his father's funeral and appointments.   For reasons stated in its prior Memorandum and Order, the court finds plaintiff has not alleged sufficient facts to establish a violation of either equal protection of the law or due process in connection with the use of restraints upon him.

**RESTRICTIONS ON VISITATION**

Plaintiff alleges no additional, significant facts in support of his claim that restrictions on visitation are unconstitutional. The court finds for the reasons stated in its prior Memorandum and Order that plaintiff has not alleged a sufficient factual basis for a federal constitutional claim based on visitation restrictions.

---

[4]      Plaintiff adds allegations that he requires a special type of shoe, which he has had to fight to get, and that he has needed a new pair since August 2007, but "the program does not wish to pay the cost."  Plaintiff has not alleged that any defendant named herein actually denied his request for a new pair of special shoes prescribed for him by a physician.  If he has facts to support such a claim, he may file a new complaint naming the proper defendant.

## INTERFERENCE WITH MAIL

In his Amended Complaint, plaintiff adds only more general complaints regarding alleged mail-handling practices. He still fails to describe any incident, other than a single isolated event, in which his personal mail was censored or impeded. He also still fails to allege facts indicating that any named defendant directly interfered with his mail, that said defendant had an improper motive, or that plaintiff's legal access was actually "hindered" as a result.

## SEARCHES AND POLYGRAPHS

Plaintiff's additional allegations in his Amended Complaint regarding cell searches in general and one particular search of several inmates as well as his other conclusory statements evince no federal constitutional violation. Plaintiff again complains about "the behavior/monitor polygraph and baldly alleges it is "used for punitive reasons." However, as the court previously held neither his right to privacy nor his Fifth Amendment right to avoid self-incrimination is violated when his answers are used in an administrative or treatment process, and not subsequent criminal proceedings. Plaintiff states no additional facts in connection with these claims that amount to a federal constitutional violation.

## RIGHT TO POSSESS PROPERTY

Plaintiff alleges in his Amended Complaint that this is a main and overriding issue. However, he does not allege the facts found missing in his original complaint. Instead, he complains that he

"has no property rights," no idea from day to day what property will be allowed, and "no right to individualism concerning his property." In particular, he generally complains that residents are not allowed to order used video games, CDS and DVDs, or to possess Pringles, things with metal or glass, video game machines, new XBOX 360 and PS3 game systems, canned goods, or personal bedding. Even accepting that plaintiff's possessions are limited as alleged, plaintiff does not explain how this amounts to a federal constitutional violation. Legally confined persons have no constitutional right to possess whatever personal property they desire in a secure institution. Nor may they avoid the temporary taking of their personal property as part of a behavior treatment program by claiming it violates their constitutional rights.

**VOCATIONAL TRAINING PROGRAM**

Plaintiff was informed that his claims regarding the Vocational Training Program in his original complaint presented no federal constitutional violation. He again raises this claim and makes some additional, different allegations including that the VTP program "stated they were going to start taking money out of our checks for room and board," and "the laws quoted do not allow for this." Plaintiff's amended complaints about decisions made in this vocational program are conclusory and utterly fail to state a federal constitutional violation.

**EQUAL PROTECTION**

In his Amended Complaint, plaintiff again complains that his right to equal protection of the law is being violated based on his

conclusory allegations that KDOC inmates have "greater protections, privileges, and rights" than SVPs in Kansas.  He adds the claim of disparity in protections, privileges and rights between SVPs and other civilly committed persons in Kansas.  Apparently in support of these claims, he lists many "rights" of these three groups.  However, he does not cite the source of any of these rights,[5] or name individuals having different rights.  As the court previously advised, plaintiff has not shown that he is treated differently than all other members of the class of which he is a part, which is that of Sexually Violent Predators.  For reasons stated in the court's prior Memorandum and Order, the court finds plaintiff has not alleged sufficient facts to support a constitutional claim of denial of equal protection.

**CENSORSHIP**

Plaintiff adds in his Amended Complaint a claim that his First Amendment rights are being denied due to censorship without due process.  In support, he alleges that he may "at anytime without due process . . . be restricted from incoming mail, magazines, newspapers, catalogs, DVD's, video games, and music CD's."  He further alleges that most restrictions are to items that are "adult

---

[5]     Plaintiff claims that "the criminal code allows for a Class 'C' Misdemeanor" for violating the patient's rights of a "civil commitment in Kansas." He does not cite the provision of the criminal code.  He may be referring to the Kansas Care and Treatment Act for Mentally Ill Persons, K.S.A. § 59-2978, et seq. Section 59-2978 contains many of the statutory rights plaintiff lists; and subsection (c) provides that "any person willfully depriving any patient of the rights protected by this section . . . shall be guilty of a class C misdemeanor." Plaintiff complains that he has no similar remedy; however, he has a remedy under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-602(b), to assert his claims regarding the SPTP, including lack of due process.  Williams v. DesLauriers, 38 Kan.App.2d 629, 172 P.3d 42 (Kan.App. 2007).

oriented," and that he "may have to destroy" his incoming material "if there is a picture of a kid" on it or the content is "kid oriented." Plaintiff alleges no facts in support of this general claim. He does not state the dates on which materials ordered by him were censored, what materials were censored, and which defendant censored his materials. The court has repeatedly informed Mr. Merryfield that he must state such facts in order to present a claim under 42 U.S.C. § 1983. The court finds he has failed to allege sufficient facts to state a First Amendment claim.

**OTHER CLAIMS**

Plaintiff's "counts" in his Amended Complaint entitled "Conditions of Confinement" and "Double Jeopardy" are not supported by any additional facts, and fail to state a federal constitutional violation. Plaintiff's general complaints that he is not allowed to further his education through computer courses, contract to rent movies, stay up as late as he wants, possess a personal telephone, and open a bank account fail to state claims of federal constitutional violation. Plaintiff's assertion that his access to electricity and cable tv should not be treated as a privilege because such access is free for KDOC inmates likewise fails to state a federal constitutional claim. All other claims raised or suggested by plaintiff in his Original Complaint that were not also raised in his Amended Complaint have been waived, and are accordingly dismissed.

**CONCLUSION**

Plaintiff is not entitled to the declaratory and injunctive relief he requests given his failure to proffer anything more than bald allegations that his constitutional rights have been violated. See Rizzo v. Goode, 423 U.S. 362, 377-381 (1976); Roberts v. Champions, 255 F.Supp.2d 1272, 1299 (N.D.Okla. 2003), aff'd 91 Fed.Appx. 108 (10th Cir. 2004).

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied for failure to state facts in support of a federal constitutional claim and for the reasons stated herein and in its Memorandum and Order dated February 26, 2008.

**IT IS FURTHER ORDERED** that plaintiff's Amended Motion and Second Amended Motion for Leave to Proceed in forma pauperis (Docs. 10 & 12) are denied as moot; and plaintiff's Motion to Appoint Counsel (Doc. 14) is denied as moot.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge